# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF AMERICA, N.A, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION |
| STEPHANIE PROPERTIES, LLC, | ) FILE NO. _____ |
| REGO CORPORATION, JOSE | ) |
| REATEGUI, PILAR REATEGUI AND | ) |
| LUIS REATEGUI, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff Bank of America, N.A. ("Bank of America" or "Plaintiff"), files this Verified Complaint against Defendants Stephanie Properties, LLC ("Stephanie Properties"or "Borrower"), Rego Corporation, Jose Reategui, Pilar Reategui and Luis Reategui (collectively "Guarantors" and together with Stephanie Properties sometimes collectively hereinafter, "Defendants") and shows the Court as follows:

1. The subject matter of this action is a $5,340,000 loan made by Bank of America to Stephanie Properties on or about July 18, 2005 (the "Loan"), secured by several apartment buildings in Hartford, Connecticut more particularly described in the Mortgage identified below (the "Property").

725390

## PARTIES

2.     Plaintiff is a national banking association organized and existing under and by virtue of the laws of the United States of America, with a business address at 100 North Tryon Street, Charlotte, North Carolina 28255.

3.     Defendant Stephanie Properties is a limited liability company organized and existing under and by virtue of the laws of the State of Connecticut, with its principal place of business at 15 Webster Street, Hartford, Connecticut 06114.  The causes of action herein arise out of and in connection with the Loan to Borrower from Bank of America.

4.     The equity members of Borrower are Defendants Jose Reategui, Pilar Reategui and Luis Reategui.

5.     Defendant Jose Reategui is a citizen of Connecticut.

6.     Defendant Pilar Reategui is a citizen of Connecticut.

7.     Defendant Luis Reategui is a citizen of Connecticut.

8.     Defendant Rego Corporation ("Rego") is a corporation organized and existing under and by virtue of the laws of the State of Connecticut, with its principal place of business at 15 Webster Street, Hartford, Connecticut 06114.

## VENUE AND JURISDICTION

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Bank of

America and Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Defendant Stephanie Properties is subject to the personal jurisdiction of this Court because it is organized and exists under the laws of the State of Connecticut.

11. Defendants Jose Reategui, Pilar Reategui, and Luis Reategui are subject to the personal jurisdiction of this Court because they are citizens of, and reside in, the State of Connecticut.

12. Defendant Rego is subject to the personal jurisdiction of this Court because it is organized and exists under the laws of the State of Connecticut.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because at least one Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### Loan Documents

14. The Loan was evidenced by, among other things, a promissory note dated as of July 18, 2005 (the "Note").

15. Bank of America has been and remains the owner and holder of the Note.

16. A true and accurate copy of the Note is attached hereto as Exhibit A.

17. In addition, Borrowers executed in Bank of America's favor a Term Loan Agreement dated as of July 18, 2005 (the "Loan Agreement").

18. A true and accurate copy of the Loan Agreement is attached hereto as Exhibit B.

19. On or about July 18, 2005, in order to secure the payment of the principal sum set forth in the Note and the interest thereon and the other obligations arising under the Loan Agreement, Borrower, as mortgagor, executed, acknowledged and delivered to Bank of America, as mortgagee, an Open End Mortgage Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Mortgage"), wherein and whereby Borrower, as Mortgagor, granted to Bank of America, as Mortgagee, a security interest in Borrower's right, title and interest in and to the Property, as described in Exhibit A to the Mortgage.

20. A true and correct copy of the Mortgage is attached hereto as Exhibit C.

21. On or about July 21, 2005, the Mortgage was duly recorded in the Hartford land records in Volume 5381, Page 326.

22. On or about July 18, 2005, Borrower, as assignor, duly executed, acknowledged and delivered to Bank of America, a Collateral Assignment of Leases, Rentals and Property Income (the "Assignment of Leases and Rents"), wherein and whereby Borrower transferred, sold, assigned, granted and conveyed

to Bank of America, among other things, any and all leases relating to the Property, as well as any and all rents, incomes, profits, security deposits and other benefits which the Borrower may be entitled from the leases, the Property or the income generated from the business operations conducted at the Property, as further security for the payment and performance of its obligations under the Note and the Loan Agreement.

23. A true and accurate copy of the Assignment of Leases and Rents is attached hereto as Exhibit D.

24. On or about July 21, 2005, the Assignment of Leases and Rents was duly recorded in the Hartford land records in Volume 5382, Page 1.

25. In order to further secure Borrower's obligations to Bank of America, on or about July 18, 2005, (i) Rego Corporation, by and through Jose Reategui, (ii) Jose Reategui, individually, (iii) Pilar Reategui, individually, and (iv) Luis Reategui, individually, as guarantors (collectively "Guarantors"), duly executed, acknowledged and delivered to Bank of America a Guaranty Agreement (the "Guaranty") (collectively with the Note, Loan Agreement, Mortgage, and Assignment of Leases and Rents and all other documents evidencing the Loan, the "Original Loan Documents").

26. A true and correct copy of the Guaranty, which Guaranty includes the prejudgment remedy notice waiver pursuant to Title 903a of the Connecticut

General Statutes is attached hereto as Exhibit E with the same force and effect as if set forth at length herein.

27. On or about July 19, 2010, Borrower, Guarantors and Bank of America executed a First Loan Document Modification Agreement (the "First Modification"), modifying certain obligations under the Loan Documents, including, without limitation, extending the maturity date of the Loan from July 19, 2010 to January 19, 2011.

28. A true and correct copy of the First Modification is attached hereto as Exhibit F.

29. On or about January 19, 2011, Borrower, Guarantors and Bank of America executed a Second Loan Document Modification Agreement (the "Second Modification") (collectively with the First Modification, the "Modifications"), modifying certain obligations under the Loan Documents, including, without limitation, extending the maturity date of the Loan, as modified, from January 19, 2011 to January 19, 2014.

30. A true and correct copy of the Second Modification is attached hereto as Exhibit G. The Original Loan Documents and Modifications, are hereinafter referred to collectively as the "Loan Documents."

## Borrower's Events of Default

31.   Pursuant to the Note, as modified by the Modifications, Borrower was required to pay the Loan in full on January 19, 2014 (the "Maturity Date").

32.   Borrower failed to pay the Loan in full on the Maturity Date (the "Maturity Default").

33.   The Maturity Default constitutes an Event of Default under Section 6.1 of the Loan Agreement, as modified by the Modifications.  *See* Loan Agreement, Exhibit B, § 6.1.

34.   In a letter dated March 26, 2014, Bank of America, through its counsel, provided notice to Borrower and Guarantors of the Maturity Default (the "Default Letter").

35.   A true and correct copy of the Default Letter is attached hereto as Exhibit H.

36.   In the Default Letter, Plaintiff demanded from the Borrower and Guarantors payment in full of all sums due under the Loan Documents (the "Outstanding Indebtedness").

37.   As of May 12, 2014, the Outstanding Indebtedness included principal in the amount of $4,495,986.34 and accrued interest of $85,607.95, exclusive of other contractual fees, costs and expenses, attorneys' fees, and court costs.

38. To date, the Borrower and Guarantors have failed to pay in full the Outstanding Indebtedness, and, thus, remain in default pursuant to the terms of the Loan Documents.

## COUNT I – Breach of Contract
### (Stephanie Properties, LLC)

39. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-38 of this Verified Complaint as if fully set forth herein.

40. An Event of Default exists under the Loan Documents, as a result of the Maturity Default.

41. Bank of America provided Borrower with notice of the Event of Default and demanded the full and immediate payment of the Outstanding Indebtedness through the Default Letter.

42. Despite having notice of the Event of Default, Borrower has failed to pay Bank of America the Outstanding Indebtedness.

43. Borrower's failure to pay the Outstanding Indebtedness constitutes a breach of the Loan Documents.

44. As a proximate cause of Borrower's breach of the Loan Documents, Bank of America has suffered damages.

## COUNT II – Breach of Contract
### (Guarantors)

45. Bank of America incorporates the allegations in Paragraphs 1 through 44 of the Verified Complaint as if set forth fully herein.

46. Through the Guaranty, the Guarantors "unconditionally and irrevocably" agreed to make "prompt and full payment" "when due" of Borrower's indebtedness under the Loan Documents. *See* Guaranty, Exhibit E, p. 1.

47. Bank of America provided the Guarantors with notice of the Event of Default and demanded the full and immediate payment of the Outstanding Indebtedness through the Default Letter.

48. Despite having notice of the Event of Default, the Guarantors have failed to pay Bank of America the Outstanding Indebtedness.

49. The Guarantors' failure to pay the Outstanding Indebtedness constitutes a breach of the Guaranty.

50. Guarantors are individually and collectively, jointly and severally, liable to Plaintiff for the Outstanding Indebtedness pursuant to the terms of the Guaranty.

51. As a proximate cause of the Guarantors' breach of the Guaranty, Bank of America has suffered damages.

## COUNT III – Attorneys' Fees
## (All Defendants)

52. Bank of America incorporates the allegations in Paragraphs 1 through 51 of the Verified Complaint as if set forth fully herein.

53. Borrower agreed through the Note and Loan Agreement, as modified by the Modifications, to pay Bank of America all reasonable attorneys' fees as well as all other costs and expenses incurred to collect the Outstanding Indebtedness. *See* Note, Exhibit A, § 10; *See* Loan Agreement, Exhibit B, § 4.15.

54. Guarantors agreed through the Guaranty to pay Bank of America all reasonable attorneys' fees as well as all other costs and expenses incurred to enforce the Guaranty. *See* Guaranty, Exhibit E, § 11.

55. As a result of Defendants' breaches of the Loan Documents, Bank of America has retained counsel to pursue the Outstanding Indebtedness.

56. Bank of America is entitled to judgment in its favor, and against Defendants, for its reasonable attorneys' fees pursuant to the Loan Documents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

   a) That Plaintiff have and obtain a judgment in its favor and against Borrower for damages in the amount of $4,581,594.29;

b) That Plaintiff have and obtain a judgment in its favor and against each of the Guarantors for damages in the amount of $4,581,594.29;

c) That Plaintiff have and obtain from Borrower and Guarantors its costs of litigation and expenses incurred in obtaining the amounts currently due under the Loan Documents, including attorneys' fees;

d) That Plaintiff have and obtain from Borrower and Guarantors all pre-judgment and post-judgment interest; and

e) That Plaintiff have and obtain such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted this 16th day of May, 2014.

        PLAINTIFF,
        BANK OF AMERICA, N.A.

    By: *Thomas A. Gugliotti*
        Thomas A. Gugliotti, Esq.
        Federal Bar No. ct05288
        Kevin J. McEleney, Esq.
        Federal Bar No. ct 27673
        UPDIKE, KELLY & SPELLACY, P.C.
        100 Pearl Street, 17th Floor
        P.O. Box 231277
        Hartford, CT 06123-1277
        Tel. (860) 548-2600
        Fax. (860) 548-2680
        Email: tgugliotti@uks.com
        Email: kmceleney@uks.com

OF COUNSEL:
ALSTON & BIRD LLP

Christopher A. Riley
Georgia Bar No. 605634
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Matthew D. Montaigne
Georgia Bar No. 915455
ALSTON & BIRD LLP
4721 Emperor Blvd., Suite 400
Durham, NC 27703-8580
Phone: (919) 862-2232
Fax: (919) 862-2552
matt.montaigne@alston.com

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF AMERICA, N.A, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION |
| STEPHANIE PROPERTIES, LLC, REGO CORPORATION, JOSE REATEGUI, PILAR REATEGUI AND LUIS REATEGUI, | ) FILE NO. _____ ) ) ) ) |
| Defendants. | ) ) ) ) ) |

## **VERIFICATION**

Personally appeared before me, the undersigned officer, duly authorized to administer oaths, Gregory P. Larsen, who, having been duly sworn, deposes and states that he is a Vice President of Bank of America, N.A. ("Bank of America"), and as such, is authorized to make this Verification on Bank of America's behalf, and that he has personal knowledge of the facts set forth in this Verified Complaint, and that such facts are true and correct.

_____
Gregory P. Larsen
Vice President

Sworn to and subscribed before me this _14_ day of May, 2014.

_____
Notary Public

My Commission Expires: _2-23-2016_

"OFFICIAL SEAL"
ANGELA C ROCHA
Notary Public - State of Illinois
My Commission Expires February 23, 2016