UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br>　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE PROPERTIES, LLC,<br>REGO CORPORATION, JOSE<br>REATEGUI, PILAR REATEGUI AND<br>LUIS REATEGUI,<br>　　　Defendant. | No. 3:14-cv-00713 (MPS) |

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT [Dkt. # 53] AND MOTION TO APPOINT RECEIVER [Dkt. # 2]

　　　Plaintiff Bank of America, N.A. ("Bank of America" or "Plaintiff"), brought suit against Defendants Stephanie Properties, LLC ("Stephanie Properties" or "Borrower"), Rego Corporation, Jose Reategui, Pilar Reategui, and Luis Reategui (collectively "Guarantors" and together with Stephanie Properties and the City of Hartford, "Defendants"). Plaintiff's First Amended Complaint seeks foreclosure of a mortgage against Stephanie Properties and the City of Hartford (Count One), alleges breach of contract against Stephanie Properties (Count Two), and breach of contract against the Guarantors (Count Three), and seeks attorneys' fees (Count Four). (Amend. Compl. [Dkt. # 48].) Plaintiff moves for partial summary judgment, as to liability, on Counts One and Four and full summary judgment on Count Three [Dkt. # 53]. For the reasons that follow, the Court GRANTS Plaintiff's motion for partial summary judgment.

I.　　BACKGROUND

　　　The following facts are undisputed and are taken from the parties' Local Rule 56(a) statements. Guarantors' Local Rule 56(a)(2) statement admits nearly all paragraphs in Plaintiff's Local Rule 56(a)(1) Statement, except paragraphs 13, 15, 16, and 24. Rather than stating whether

1

the Guarantors admitted or denied those paragraphs, the Guarantors state that those paragraphs are "unknown." This response neither agrees nor disagrees with the statements of the moving party, and fails to cite affidavits or other evidence as required by Local Rule 56(a)(3). Moreover, the Guarantors' Local Rule 56(a) Statement asserts that there are no disputed issues of material fact. (Def.'s 56(a)(2) Stmt. [Dkt. # 56-1] at 3.) Therefore, all paragraphs in Plaintiff's Local Rule 56(a)(1) Statement (hereafter, "SMF") are deemed admitted by the Guarantors.

On July 18, 2005, Bank of America loaned Stephanie Properties, LLC ("Borrower") five million three hundred forty thousand dollars ($5,340,000.00) (the "Loan"). (SMF ¶¶ 1.) The Loan was evidenced by a promissory note (the "Note") and a term loan agreement (the "Loan Agreement"). (*Id.* ¶¶ 2-3.) Borrower owned twelve parcels of property in Hartford, Connecticut, commonly known as: 9-23 Webster Street, 50 Elliott Street, 5-7 Webster Street, 19-21 Lincoln Street, 834-842 Park Street, 277 Buckingham Street, 1-3 Webster Street, 517-519 Park Street, 148-150 Clark Street, 152-154 Clark Street, 411-413 Franklin Avenue, and 154 Wethersfield Avenue (the "Property"). To secure the payment of its obligations under the Note and the Loan Agreement, Borrower, as mortgagor, executed an Open End Mortgage Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing, (the "Mortgage"), with Bank of America as the mortgagee, dated July 18, 2005. (*Id.* ¶¶ 4-5.) As further security for the payment and performance of its obligations under the Note and the Loan Agreement, Borrower also executed a Collateral Assignment of Leases, Rentals, and Property Income, transferring and assigning its lease, rents, incomes, profits, and other benefits to Bank of America. (*Id.* ¶ 6.) Finally, the Guarantors executed a Guaranty Agreement with Bank of America to further secure Borrower's debt obligations. (*Id.* ¶ 7.) "Through the Guaranty, the Guarantors 'unconditionally and irrevocably' agreed to make 'prompt and full payment' 'when due' of Borrower's indebtedness under the Loan Documents." (*Id.* ¶ 8.)

The parties modified the loan documents twice, and ultimately extended the maturity date of the loan until January 19, 2014. (*Id.* ¶¶ 11-12.) Bank of America is the holder and owner of the note and mortgage (*Id.* ¶¶ 14-16), and the Borrower defaulted on the note. (*Id.* ¶¶ 17-20.) Bank of America notified Borrower and Guarantors of the default in a letter, dated March 26, 2014, and demanded that Borrower and Guarantors pay—in full—all sums due under the Loan Documents (the "Outstanding Indebtedness"). (*Id.* ¶¶ 22-23.) As of the date Bank of America filed its motion for summary judgment, October 17, 2014, the Outstanding Indebtedness included principal of $4,495,986.34 and accrued interest of $224,083.35, exclusive of subsequent regular and default interest, contractual fees, costs and expenses, attorneys' fees, and court costs. (*Id.* ¶ 24.) Borrower and Guarantors have failed to pay in full the Outstanding Indebtedness, and thus, remain in default. (*Id.* ¶ 25.) The City of Hartford holds two mortgages on the Property which are subordinated to Bank of America's mortgage. (*Id.* ¶¶ 26-32.) The City of Hartford does not oppose Plaintiff's motion.

## II.   STANDARD

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks and citation omitted). "The court must resolve all ambiguities and draw all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.

1992). If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

### III.     DISCUSSION

#### A.     Foreclosure Claim (Count One)

Bank of America seeks partial summary judgment, as to liability only, on Count One. Bank of America has "the burden of showing that there is no genuine issue of material fact as to any of the prima facie elements . . . ." *Wells Fargo Bank, N.A. v. Strong*, 149 Conn. App. 384, 392 (2014). The mortgagee must "prove by a preponderance of the evidence that it was the owner of the note and mortgage and that [the mortgagor] defaulted on the note. *Webster Bank v. Flanagan*, 51 Conn. App. 733, 750-51 (1999). There is no dispute that Bank of America is the holder and owner of the note and Mortgage (SMF ¶¶ 14-16), and that the Borrower defaulted on the note. (*Id.* ¶¶ 17-20.) Moreover, "Guarantors do not object to the entry of summary judgment as to liability, only, in connection with Count I – Foreclosure of Mortgage – as all such defenses have been waived pursuant to the Mortgage instrument" (Def.'s Opp. Br. [Dkt. # 56] at 2), and the other defendants did not oppose the motion. Therefore, the Court GRANTS summary judgment to Bank of America as to Count One, for liability only.

#### B.     Breach of Contract Claim Against Guarantors (Count Three)

"The elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 291 (2014). According to the Guaranty Agreement, the Guarantors agreed, "to make 'prompt and full payment' 'when due' of the Borrower's indebtedness under the Loan Documents." (*Id.* ¶ 8.) Borrower defaulted. (*Id.*

4

¶¶ 17-20.) Bank of America notified Borrower and the Guarantors of the default in March 2014 and demanded that Borrower and the Guarantors pay all Outstanding Indebtedness. (*Id.* ¶¶ 22-23.) Borrower and the Guarantors have failed to pay the Outstanding Indebtedness, and remain in default. (*Id.* ¶ 25.) Bank of America has suffered damages in excess of the amount of the Outstanding Indebtedness. Thus, Bank of America is entitled to summary judgment on this claim.

Guarantors contest Bank of America's right to seek summary judgment as to the breach of contract claim against the guarantors until such time as a deficiency is established with respect to the mortgage debt. (Def.'s Opp. Br. [Dkt. # 56] at 4-5.) The Guarantors cite *JP Morgan Chase Bank, N.A. v. Winthrop Properties, LLC*, 312 Conn. 662 (2014), as well as the language of Conn. Gen. Stat. § 49-28, in support of their argument that Bank of America's attempt to obtain summary judgment as to Count Three must be stayed pending the determination of a deficiency. This argument fails for two reasons. First, the Connecticut Supreme Court made clear in *Winthrop* that a claim to enforce a guarantee is separate and distinct from a claim to foreclose a mortgage, and proceedings on the latter do not limit or stay proceedings on the former. The language of Conn. Gen. Stat. § 49-28, on which the Guarantors rely, is parallel to the language of Conn. Gen. Stat. § 49-1, the statute construed in *Winthrop*, and thus does not call for a different outcome. Second, the notion that the two claims have to proceed in a particular sequence (as they happened to do in the trial court proceedings in *Winthrop*) finds no support in the language of either § 49-1 or § 49-28—both of which address proceedings to enforce the debt secured by the mortgage rather than the separate guarantee—or in the logic of the Connecticut Supreme Court's decision in *Winthrop*, which made clear that the liability of the guarantors in this situation "arises separately under their guarantee" and is unaffected by proceedings to foreclose the mortgage.

*Winthrop*, 312 Conn. at 665-66. Therefore, the Court GRANTS summary judgment to Bank of America as to Count Three.

### C. Attorneys' Fees (Count Four)

Bank of America seeks summary judgment, as to liability, on its claims for attorneys' fees against the Guarantors. The Guarantors did not address Bank of America's argument, and did not address this claim in their opposition brief. Therefore, they have failed to oppose summary judgment, and the Court GRANTS Bank of America summary judgment on its claims for attorneys' fees, as to liability, against the Guarantors. *See Marrow v. Amato*, No. CIV. 3:07CV401PCD, 2009 WL 350601, at *7 (D. Conn. Feb. 12, 2009).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for partial summary judgment. Because "the appointment of a receiver is considered to be an extraordinary remedy, and . . . should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property" *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997) (internal quotation marks and citations omitted), and because foreclosure of the mortgage (after the setting of law days) will shortly entitle Bank of America to possession of the Property, the Motion to Appoint Receiver [Dkt. # 2] is DENIED.

A telephonic status conference is scheduled for **April 6, 2015, at 10:30 a.m.** to discuss (1) further proceedings with regard to the foreclosure judgment, and (2) a hearing on damages, including as to attorneys' fees.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         March 30, 2015

6